JUDGE JONES

FOX ROTHSCHILD LLP
Daniel A. Schnapp (DS 3484)
100 Park Avenue, Suite 1500
New York, New York 10016
(212) 878-7900
*Attorneys for Plaintiff*



07 CIV 8452

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOEL S. ARIO, in his official capacity as Acting Insurance Commissioner of the Commonwealth of Pennsylvania, as statutor Liquidator of RELIANCE INSURANCE COMPANY (IN LIQUIDATION) 1311 Strawberry Square Harrisburg, Pennsylvania 17120<br><br>Plaintiff,<br><br>v.<br><br>NOVAPRO RISK SOLUTIONS, LP f/k/a WARD NORTH AMERICA HOLDING, INC. d/b/a WARD NORTH AMERICA, INC. 401 West "A" Street, Suite 1400 San Diego, CA 92101<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT** |

Plaintiff Joel S. Ario, in his official capacity as Acting Insurance Commissioner of the Commonwealth of Pennsylvania, as Statutory Liquidator (the "Liquidator") of Reliance Insurance Company (In Liquidation) ("Reliance"), by way of Complaint against Defendant NovaPro Risk Solutions, LP f/k/a Ward North America Holding, Inc. d/b/a Ward North America, Inc. ("Defendant") states:

## I. Nature of the Action

1. From some time in or about 1998, Defendant performed services for Reliance Insurance Company and its affiliates (collectively, "Reliance") as a third party administrator with respect to insurance claims made under policies issued by Reliance. Pursuant to its written agreements with Defendant, for each policyholder account that Defendant was contractually administering for Reliance, Reliance provided funds to Defendant for deposit into a disbursement bank account established by Defendant on behalf of Reliance. From such disbursement account, Defendant would pay, on behalf of Reliance, policyholder claims and allocated loss expenses as defined in and pursuant to the terms of the parties' written agreements. When Reliance was placed into liquidation on October 3, 2001, Defendant held funds belonging to Reliance. At liquidation, those funds became assets of and remain the property of the Reliance estate. Despite demand, Defendant has failed and refused to turn over the funds belonging to Reliance to the Liquidator as required by the terms of the Commonwealth Court of Pennsylvania's October 3, 2001 Order of Liquidation, the statutory provisions of the Pennsylvania Insurance Department Law of 1921, as amended, and common law. This civil action seeks monetary damages and other relief arising out of the willful failure and refusal of Defendant to return assets of the Reliance liquidation estate.

## II. The Parties

2. The Liquidator brings this action in his official capacity as Statutory Liquidator of Reliance, by virtue of the authority vested in him pursuant to the Order of the Commonwealth Court of Pennsylvania dated October 3, 2001 at case no. 269 MD 2001, naming former Insurance Commissioner M. Diane Koken and her successors in office as the Liquidator of Reliance (the "Liquidation Order"), and Article V of the Pennsylvania Insurance

Department Law of 1921, as amended, 40 P.S. §§ 221.1 *et seq.* A copy of the Liquidation Order is attached hereto as Exhibit "A" and incorporated herein by reference. Pursuant to ¶ 27 of the Liquidation Order, "[a]ll references to 'Reliance' herein shall include the former subsidiaries which were previously merged into Reliance Insurance Company with approval of the Commissioner, including Reliance National Indemnity Company, Reliance National Insurance Company, United Pacific Insurance Company, Reliance Direct Company, Reliance Surety Company, Reliance Universal Insurance Company [f/k/a Reliance Insurance Company of California], United Pacific Insurance Company of New York and Reliance Insurance Company of Illinois."

3. The Liquidation Order directs the Liquidator to immediately take possession of Reliance, to liquidate Reliance, and to take such action as may be required to advance the interests of Reliance's enrollees, creditors and the public; vests title to all Reliance property, assets, and rights of action with the Liquidator; asserts the Commonwealth Court of Pennsylvania's *in rem* jurisdiction over all assets of Reliance wherever located and regardless of whether they are held in the name of Reliance or any other name; and directs any entity in possession of assets which are or may be the property of Reliance to immediately deliver possession of such assets to the Liquidator and not to disburse, transfer or in any manner dispose of such assets without the prior written consent of, or unless directed in writing by, the Liquidator. See Liquidation Order, Exhibit "A", ¶¶ 3, 5 and 7.

4. By statute, the Liquidator is authorized to commence legal proceedings in any jurisdiction, either in his name or in the name of Reliance, seeking recovery for all claims belonging to Reliance, including for the collection of debts and monies due. *See* 40 P.S. § 221.23 (6) and (12).

5. The Liquidator is the proper party-plaintiff in this action.

6. The Liquidator has a principal office at 1311 Strawberry Square, Harrisburg, Pennsylvania 17120.

7. Reliance is a Pennsylvania business corporation with its principal place of business at Three Parkway, Philadelphia, Pennsylvania 19102-1376.

8. Defendant is a Delaware limited liability company with a principal place of business located at 401 West "A" Street, Suite 1400, San Diego, California 92101.

### III.   Jurisdiction and Venue

9. This Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Reliance is a Pennsylvania business corporation with its principal place of business in Pennsylvania. Defendant is a business enterprise organized under Delaware law with its principal place of business in California. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. This Court may assert personal jurisdiction over Defendant. In the third party administrator agreements between Reliance and Defendant, the parties agreed to submit to the jurisdiction of federal or state courts located in the State of New York for the purpose of any action brought in connection with the agreements and further agreed that any dispute arising out of or in connection with the agreements shall be resolved in the appropriate federal or state court located in the State of New York. The parties further agreed that the laws of the State of New York shall apply to the agreements and to disputes arising out of or in connection with such agreements.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (c).

### IV. Factual Background

**The Contractual Relationship**

12. Beginning some time in or about 1998 and continuing thereafter, Reliance and Defendant entered into a series of Claims Service Agreements pursuant to which Defendant acted as third party administrator on behalf of Reliance. The Agreements identify the policyholder and the policies for which Defendant was to handle to completion all claims submitted under the policies. Under the Agreements, Defendant provided services with respect to the investigation, adjustment, settlement and payment of insurance claims under the specified liability policies, including general liability, workers' compensation and automobile policies issued by Reliance and its affiliates. A true and correct copy of a representative sample of a Claims Services Agreement is attached hereto as Exhibit "B" and is incorporated therein by reference.

13. In connection with its services on policyholder accounts under the Agreements, Defendant agreed, *inter alia*, to make all payments with respect to claims and to pay all allocated loss expenses, as defined in the Agreements, from funds provided by Reliance in accordance with the terms and provisions of the Agreements.

14. In connection with its services on policyholder accounts under the Agreements, Defendant was to establish a regular bank checking account on behalf of Reliance with Defendant as custodian for Reliance (the "Disbursement Account"). Reliance made an initial transfer of imprest funds to the Disbursement Account and thereafter provided additional funding for the Disbursement Fund from a Reliance bank account (the "Funding Account").

15. Under the Agreements, Defendant was to use the Disbursement Accounts exclusively to pay claims and allocated loss expenses, as defined in the Agreements, under the

Reliance policies in accordance with the terms of the Agreements. Until payments for claims and allocated loss expenses were made, all funds in the Disbursement Accounts were held for the benefit of, are assets of, and remain the property of Reliance.

16. Pursuant to the Agreements, at such time as Defendant no longer had to provide services under the Agreements, Defendant was to close the Disbursement Accounts and remit any closing balances to Reliance.

**Defendant Fails to Return Funds That Are Assets of the Reliance Estate**

17. Accounts for policyholders insured by Reliance for which Defendant acted as a third party administrator under Agreements with Reliance included the following:

    (a) Innovative Insurance Solutions

    (b) American Software

    (c) Truckers WC Program

    (d) Bulk Materials

    (e) General Textile/Factory 2 U

    (f) Tradewinds Insurance Program

((a) through (f) collectively, the "Accounts").

18. Under the Agreements, Defendant made payments on the Accounts for insurance claims and allocated loss expenses from funds provided by Reliance.

19. Shortly after Reliance was placed into liquidation on October 3, 2001, Defendant was put on notice to cease making all claims payments and allocated loss expense payments on the Accounts except for workers' compensation indemnity payments, which Defendant was authorized to pay only up to and including November 16, 2001, and to turn over open claims on the Accounts to the appropriate state insurance guaranty associations for

handling. Defendant ignored such notice and continued to make improper claims payments and allocated loss expense payments on the Accounts post-liquidation.

20. Despite its contractual and fiduciary obligations to close the Disbursement Accounts and to remit any closing balances to Reliance after Reliance was placed in liquidation, Defendant improperly exercised dominion over funds that belonged to Reliance post-liquidation.

21. Defendant has withheld assets and property of Reliance constituting excess loss funding in an amount in excess of $75,000, exclusive of interest, with respect to the Accounts.

22. Despite demand, Defendant has failed to turn over to Reliance the Excess Funds, which are the assets and property of Reliance.

## COUNT I
### (Breach of Contract)

23. Reliance repeats and realleges the allegations contained in paragraphs 1 through 22 as though set forth fully at length herein.

24. Pursuant to the Agreements, at such time as Defendant was no longer required to provide services with respect to any claim thereunder, Defendant was obligated to close the Disbursement Accounts for each Account and to remit the closing balance to Reliance.

25. Defendant is no longer required to provide services with respect to any claim under the Agreements.

26. Reliance has made demand upon Defendant to remit the Excess Funds to Reliance and Defendant has refused.

27. Defendant has breached its Agreements with Reliance by failing to remit the Excess Funds to Reliance.

28.  Due to the foregoing conduct, Reliance has sustained damages in excess of $75,000, exclusive of interest and costs, and is entitled to relief as set forth below.

## COUNT II
### (Breach of Fiduciary Duty)

29.  Reliance repeats and realleges the allegations contained in paragraphs 1 through 28 as though set forth fully at length herein.

30.  With respect to the funds in the Disbursement Accounts, Defendant was acting as agent and in a fiduciary capacity as trustee for Reliance.

31.  As a result of its relationship with Reliance, Defendant owed Reliance fiduciary duties with regard to withdrawal and usage of funds from the Disbursement Accounts to pay allocated loss expenses and claims against policyholders insured by Reliance.

32.  Defendant breached the fiduciary obligations it owed to Reliance by failing to pay and turn over the Excess Funds to Reliance.

33.  Defendant's breach of its fiduciary duties has caused Reliance to sustain in excess of $75,000, exclusive of interest and costs, and Reliance is entitled to relief as set forth below.

## COUNT III
### (Conversion)

34.  Reliance repeats and realleges the allegations contained in paragraphs 1 through 33 as though set forth fully at length herein.

35.  Defendant has intentionally and without authority exercised control over the Excess Funds belonging to Reliance, interfering with and depriving Reliance of its immediate right to possession of the Excess Funds.

36.  Defendant's unauthorized failure to pay and turn over the Excess Funds to

Reliance constitutes conversion of Reliance property.

37. As a result of the conversion, Reliance has sustained damages in excess of $75,000, exclusive of interest and costs, and is entitled to relief as set forth below.

## COUNT IV
### (Turnover of Assets and Property of the Estate)

38. Reliance repeats and realleges the allegations contained in paragraphs 1 through 22 as though set forth fully at length herein.

39. Since 1998, Defendant performed services for Reliance as third party administrator with respect to insurance claims made under certain policies issued by Reliance. Pursuant to its written Agreements with Defendant, Reliance provided funds to Defendant for deposit into the Disbursement Accounts to be set up for each of the Accounts on behalf of Reliance, from which Defendant was to pay claims and allocated loss expenses pursuant to the terms of the Agreements. The proceeds of the Disbursement Accounts are assets of and remain the property of the estate of Reliance. Reliance is entitled to turnover of the Excess Funds in the Disbursement Accounts pursuant to the terms of the Commonwealth Court of Pennsylvania's October 3, 2001 Order of Liquidation, the statutory provisions of the Pennsylvania Insurance Department Law of 1921, as amended, 40 P.S. §§ 221.1 *et seq.* and common law.

WHEREFORE, plaintiff Joel S. Ario, in his official capacity as Acting Insurance Commissioner of the Commonwealth of Pennsylvania, as Statutory Liquidator of Reliance Insurance Company (in Liquidation), for each of the claims set forth above, respectfully requests that this Court enter judgment in his favor and against the Defendant and enter the following relief for him and against the Defendant:

(a) An award of damages in an amount in excess of $75,000, exclusive of interest and costs;

(b) An award of turnover of all assets and property of the estate of Reliance in the possession of Defendant;

(c) An award of pre-judgment and post-judgment interest on all funds due Reliance, together with costs and attorneys' fees; and

(d) Any other further relief that the Court deems just and appropriate.

PH1 1268351v2 09/27/07

Dated: September 28, 2007
New York, New York

                                      FOX ROTHSCHILD LLP

By: /s/ Daniel A. Schnapp
Daniel A. Schnapp (DS 3484)
100 Park Avenue
Suite 1500
New York, New York 10017
(212) 878-7900
*Attorneys for Joel S. Ario, in his official capacity as Acting Insurance Commissioner of the Commonwealth of Pennsylvania, as Statutory Liquidator of Reliance Insurance Company (In Liquidation)*

Gerald E. Arth*
Cheryl A. Garber*
FOX ROTHSCHILD LLP
2000 Market Street, Tenth Floor
Philadelphia, Pennsylvania 19103
(215) 299-2000
*Seeking admission pro hac vice*