UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOEL S. ARIO, in his official capacity as
Acting Insurance Commissioner of the
Commonwealth of Pennsylvania, as statutory
Liquidator of RELIANCE INSURANCE
COMPANY (IN LIQUIDATION)

                            Plaintiff,

    -against-


NOVAPRO RISK SOLUTIONS, LP f/ka
WARD NORTH AMERICA HOLDING, INC.
d/b/a WARD NORTH AMERICA, INC.

                            Defendant.
------------------------------------------------------------X

CIVIL ACTION NO.:
07 CIV 8452

**ANSWER**

Defendant, Nova Pro Risk Solutions, LP f/k/a Ward North America Holding, Inc. d/b/a Ward North America, Inc. (hereinafter referred to as "Novapro Risk Solutions" or "Defendant"), by and through its attorneys, KAUFMAN BORGEEST & RYAN LLP responds to Plaintiff JOEL S. ARIO'S complaint as follows:

### NATURE OF THE ACTION

1.    Defendant denies each and every allegation set forth in paragraph 1 of plaintiff's complaint, except admits that it entered into an agreement with Reliance Insurance Company ("Reliance"). To the extent that paragraph 1 of plaintiff's complaint contains allegations that attempt to characterize or summarize defendant and its obligations, defendant denies those allegations and respectfully refers the Court to the relevant agreement, which provides the best evidence of its contents. Defendant further admits, upon information and belief, that Reliance was placed into liquidation on October 3, 2001, and admits that the Commonwealth Court of Pennsylvania issued an Order of Liquidation dated October 3, 2001. Defendant denies the

666335-1

remaining allegations in paragraph 1 of plaintiff's complaint, and respectfully refers all questions of law to the Court.

## THE PARTIES

2. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of plaintiff's complaint, and respectfully refers the Court to the Order issued by the Commonwealth Court of Pennsylvania dated October 3, 2001 as the best evidence of its contents.

3. Defendant denies that plaintiff's characterization of the Order issued by the Commonwealth Court of Pennsylvania dated October 3, 2001 fully and accurately sets forth the terms thereof, and defendant respectfully refers the Court to the Order as the best evidence of its contents.

4. Defendant denies each and every allegation contained in paragraph 4 of plaintiff's complaint and respectfully refers all questions of law to the Court.

5. Defendant denies each and every allegation contained in paragraph 5 of plaintiff's complaint and respectfully refers all questions of law to the Court.

6. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of plaintiff's complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of plaintiff's complaint.

8. Defendant admits the allegations set forth in paragraph 8 of plaintiff's complaint, except denies that it is a limited liability corporation.

## JURISDICTION and VENUE

9. Defendant admits the allegation set forth in paragraph 9 of plaintiff's complaint.

10. Defendant admits the allegation set forth in paragraph 10 of plaintiff's complaint.

666335-1

11. Defendant admits the allegation set forth in paragraph 11 of plaintiff's complaint.

## FACTUAL BACKGROUND

12. Defendant denies each and every allegation contained in paragraph 12 of plaintiff's complaint, except admits that it entered into Claim Service Agreements with Reliance. To the extent that paragraph 12 of plaintiff's complaint contains allegations that attempt to characterize or summarize defendant and its obligations, defendant denies those allegations and respectfully refers the Court to the relevant Agreements, which provide the best evidence of their contents.

13. Defendant denies each and every allegation contained in paragraph 13 of plaintiff's complaint, and respectfully refers the Court to the Agreements as the best evidence of their contents.

14. Defendant denies each and every allegation contained in paragraph 14 of plaintiff's complaint, and respectfully refers the Court to the Agreements as the best evidence of their contents.

15. Defendant denies each and every allegation contained in paragraph 15 of plaintiff's complaint, and respectfully refers the Court to the Agreements as the best evidence of their contents.

16. Defendant denies each and every allegation contained in paragraph 16 of plaintiff's complaint, and respectfully refers the Court to the Agreements as the best evidence of their contents.

17. Defendant admits the allegation set forth in paragraph 17 of plaintiff's complaint.

18. Defendant admits the allegation set forth in paragraph 18 of plaintiff's complaint.

19. Defendant denies each and every allegation contained in paragraph 19 of plaintiff's complaint, and respectfully refers all questions of law to the Court.

666335-1

20. Defendant denies each and every allegation contained in paragraph 20 of plaintiff's complaint.

21. Defendant denies each and every allegation contained in paragraph 21 of plaintiff's complaint.

22. Defendant denies each and every allegation contained in paragraph 22 of plaintiff's complaint.

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

23. Defendant repeats and re-alleges each and every response to plaintiff's complaint as set forth in paragraphs 1 through 22 above, as if fully set forth at length herein.

24. Defendant denies each and every allegation contained in paragraph 24 of plaintiff's complaint, and respectfully refers the Court to the Agreements as the best evidence of their contents.

25. Defendant denies each and every allegation contained in paragraph 25 of plaintiff's complaint as "Agreements" is an undefined term. Defendant respectfully refers all questions of law to the Court.

26. Defendant denies each and every allegation contained in paragraph 26 of plaintiff's complaint.

27. Defendant denies each and every allegation contained in paragraph 27 of plaintiff's complaint.

28. Defendant denies each and every allegation contained in paragraph 28 of plaintiff's complaint.

666335-1

## AS AND FOR AN ANSWER TO THE SECONDE CAUSE OF ACTION

29. Defendant repeats and re-alleges each and every response to plaintiff's complaint as set forth in paragraphs 1 through 28 above, as if fully set forth at length herein.

30. Defendant denies each and every allegation contained in paragraph 30 of plaintiff's complaint.

31. Defendant denies each and every allegation contained in paragraph 31 of plaintiff's complaint.

32. Defendant denies each and every allegation contained in paragraph 32 of plaintiff's complaint.

33. Defendant denies each and every allegation contained in paragraph 33 of plaintiff's complaint.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

34. Defendant repeats and re-alleges each and every response to plaintiff's complaint as set forth in paragraphs 1 through 33 above, as if fully set forth at length herein.

35. Defendant denies each and every allegation contained in paragraph 35 of plaintiff's complaint.

36. Defendant denies each and every allegation contained in paragraph 36 of plaintiff's complaint.

37. Defendant denies each and every allegation contained in paragraph 37 of plaintiff's complaint.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

38. Defendant repeats and re-alleges each and every response to plaintiff's complaint as set forth in paragraphs 1 through 37 above, as if fully set forth at length herein.

39. Defendant denies each and every allegation set forth in paragraph 39 of plaintiff's complaint, and respectfully refers the Court to the Agreements as the best evidence of their contents. Defendant respectfully refers all questions of law to the Court.

## WHEREFORE PARAGRAPHS

40. Defendant is not required to respond to the allegations contained in plaintiff's Wherefore Paragraphs because those allegations are merely characterizations of the relief requested by plaintiff. To the extent that a response is required, defendant denies that plaintiff is entitled to the relief he seeks.

## FIRST AFFIRMATIVE DEFENSE

41. Plaintiff's complaint fails to set forth a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

42. Plaintiff's claims for breach of contract, breach of fiduciary duty, conversion, and turnover of assets are time barred under the applicable limitations period.

## THIRD AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred or limited by the provisions, terms, conditions or limitations contained in various Claim Service Agreements.

## FOURTH AFFIRMATIVE DEFENSE

44. On information and belief, plaintiff's claims are barred or limited by the provisions, terms, conditions or limitations contained in various Claim Service Agreements.

## FIFTH AFFIRMATIVE DEFENSE

45. Defendant is entitled to an offset pursuant to the Agreements between the parties.

666335-1

## SIXTH AFFIRMATIVE DEFENSE

46. On information and belief, plaintiff's claims are barred by the doctrines of waiver, laches, estoppel and/or unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

47. Plaintiff did not incur any damage or loss as a result of any act or conduct by defendant.

48. Defendant Novapro Risk Solutions reserves its right to assert additional defenses it learns through the course of discovery.

WHEREFORE, defendant requests that plaintiff's action be dismissed with prejudice and that the Court award defendant attorneys' fees and costs, together with such other and further relief as this Court shall deem just and reasonable.

Dated: New York, New York
       December 12, 2007

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

By: _____
Joan M. Gilbride (JG 6238)
99 Park Avenue
New York, New York 10016
Telephone: (212) 980-9600
Facsimile: (212) 980-9291
Attorneys for Defendant
Novapro Risk Solutions

TO: Daniel A. Schnapp, Esq. (DS 3484)
    FOX ROTHSCHILD LLP
    100 Park Avenue, Suite 1500
    New York, New York 10017
    Telephone: (212) 878-7900
    Attorneys for Joel S. Ario

666335-1