UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOEL S. ARIO, in his official capacity as
Acting Insurance Commissioner of the
Commonwealth of Pennsylvania, as statutory
Liquidator of RELIANCE INSURANCE
COMPANY (IN LIQUIDATION)

                          Plaintiff,

-against-

NOVAPRO RISK SOLUTIONS, LP f/ka
WARD NORTH AMERICA HOLDING, INC.
d/b/a WARD NORTH AMERICA, INC.

                         Defendant.
------------------------------------------------------------X

CIVIL ACTION NO.:
07 CIV 8452

**INITIAL DISCLOSURES**

      Defendant, Nova Pro Risk Solutions, LP f/k/a Ward North America Holding, Inc. d/b/a Ward North America, Inc. (hereinafter referred to as "Novapro Risk Solutions" or "Defendant"), by and through its attorneys, KAUFMAN BORGEEST & RYAN LLP, hereby sets forth the following initial disclosures based upon information reasonably available to it at the present time:

      (a)    The name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claim or defense, unless solely for impeachment, identifying the subjects of the information.

      The following individuals may have knowledge and/or information relating to the claims and defenses in this case:

      1.    Representatives of Reliance Insurance Company

      2.    Representatives of Defendant Novapro Risk Solutions:

      a.    Christine Palmer, Client Services Manager of Novapro Risk Solutions, c/o Kaufman Borgeest & Ryan LLP, 200 Summit Lake Drive, Valhalla, New York 10595.

      b.    Russ Whitmarsh, Chief Operating Officer of Novapro Risk Solutions, c/o Kaufman Borgeest & Ryan LLP, 200 Summit Lake Drive, Valhalla, New York 10595.

      c.    Kenneth Perilli c/o Kaufman Borgeest & Ryan LLP, 200 Summit Lake Drive, Valhalla, New York 10595.

      d.    Liz Nelson, Senior Vice President of Ward North America, Inc. c/o Kaufman Borgeest & Ryan LLP, 200 Summit Lake Drive, Valhalla, New York 10595.

3.    All individuals who executed various Claims Service Agreements to which Defendant acted as a third party administrator on behalf of Reliance.

(b)    A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

1.    Claims Service Agreements between and executed by Reliance Insurance and Defendant from approximately 1999 through 2002.

2.    Correspondence between Reliance Insurance Company and Ward North America

3.    Various bank statements detailing account information for various insureds of Reliance Insurance Company for which Defendant served as the third party claims administrator.

    4.    Various bank statements and/or related documents detailing claims payment information for various insureds of Reliance utilizing the funds of another insurance carrier for which Defendant served as the third party claims administrator.

At this early stage of discovery, Defendant is not aware of any other documents it may use to support its claims or defenses. Defendant will continue its pretrial investigation and supplement its Initial Disclosure or respond to pretrial discovery requests, as appropriate.

    (c)    A computation of any category of damages claimed by the disclosing party.

Not applicable to defendant. Defendant requests, however, that plaintiff promptly provide precise computations of his alleged damages and produce all documents or other evidentiary materials on which such computations are based, including materials bearing on the nature and extent of any alleged injuries suffered.

    (d)    Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment, which may be entered in the action, or to indemnify or reimburse for payments made to satisfy the judgment.

None.

Reservation of Rights and Amendments

The responses set forth herein are made without waiving:

    1.    the right to object on the grounds of competency, privilege, relevancy, materiality or any other proper ground to the use of material described herein, for any purpose, in whole or in part, in any subsequent proceeding in this action or in any other action;

    2.    the right to object on any and all proper grounds, at any time, to discovery requests or other discovery procedures involving or relating to the subject matter addressed herein; and

3.   the right at any time to revise, correct, modify, supplement, or clarify any of the responses provided herein.

DEFENDANT RESERVES THE RIGHT TO SUPPLEMENT OR AMEND THESE INITIAL DISCLOSURES PRIOR TO CLOSURE OF DISCOVERY AS MAY BE APPROPRIATE AND NECESSARY.

Dated: New York, New York
       January 15, 2008

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

By: _____
    Joan M. Gilbride
    99 Park Avenue
    New York, New York 10016
    Telephone: (212) 980-9600
    Facsimile: (212) 980-9291
    Attorneys for Defendant
    Novapro Risk Solutions

TO:   Daniel A. Schnapp, Esq. (DS 3484)
      Gerald E. Arth, Esq.
      Cheryl A. Garber, Esq.
      FOX ROTHSCHILD LLP
      100 Park Avenue, Suite 1500
      New York, New York 10017
      Telephone: (212) 878-7900
      Attorneys for Joel S. Ario